IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

TIMOTHY HINTON,

    Plaintiff,

v.

CORECIVIC, INC., et al.,

    Defendants.

CIVIL ACTION NO.: 5:20-cv-88

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983 surrounding his confinement at Coffee Correctional Facility. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1. All claims against CoreCivic;

2. All claims against Defendants Upton, Grieco, Stone, and Blankenship;

3. All supervisory claims against Defendant Clark; and

4. All claims for monetary damages against Defendants sued in their official capacities.

However, I **FIND** some of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order: Eighth Amendment deliberate indifference claims against Defendants Jones, Webb, Williams, and Clark; and a supervisory claim against Defendant Ward.

## PLAINTIFF'S CLAIMS[1]

Plaintiff asserts he was placed on protective custody on April 1, 2020.  Doc. 1-3.  Plaintiff claims he asked Defendants Jones, Webb, and Williams to place him in a one man cell in accordance with the relevant Standard Operating Procedure ("SOP").  Id.  Plaintiff's requests were denied, and Plaintiff states he was moved to a cell with another inmate named "Mingo" on April 7, 2020.  Id.  On April 10, 2020, inmate Mingo attacked Plaintiff, hitting him multiple times in the head and face.  Id.  Plaintiff states CoreCivic, Inc., had an obligation to provide safe housing to all inmates.  Id. at 4.  The Court construes Plaintiff's Complaint as stating Defendants Upton, Grieco, Stone, Blankenship, and Clark had a duty to protect inmates due to their supervisory positions.  Id.; Doc. 1-2.  After his assault, Plaintiff states Defendant Stone told him this should not have happened to him.  Doc. 1-5.  While in the medical unit, Plaintiff states Defendant Clark directed him to return to his old cell contrary to the doctor's orders and threatened to spray him with pepper spray if he did not comply.  Id.

Plaintiff has since filed a supplement to his original Complaint.  Doc. 11.  In this document, Plaintiff also seeks to bring a claim against Defendant Timothy Ward.  Id.  Plaintiff states Defendant Ward was "personally involved by permitting the custom of protective custody inmates to be double-bunked, frequently with the very inmates people were granted PC from."  Id. at 3.  Plaintiff seeks compensatory and punitive damages against all Defendants.  Doc. 1-8.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During

---

[1]  All allegations set forth here are taken from Plaintiff's Complaint.  Docs. 1, 11.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

### I. CoreCivic

In order to state a claim for relief under § 1983, a plaintiff must allege "a person acting under color of state law" committed the act or omission in dispute. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). While local governments qualify as "persons" under § 1983, state agencies, penal institutions, and private corporations which contract with states to operate penal institutions are generally not considered legal entities subject to suit. Thomas v.

3

Illinois, 697 F.3d 612, 613 (7th Cir. 2012) (holding the Eleventh Amendment bars § 1983 suits against state agencies) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 66–70 (1989)); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . .") (citations omitted); Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (analyzing Georgia law and concluding the same); Williams v. Chatham Cnty. Sherriff's Complex, Case No. 4:07-cv-68, 2007 WL 2345243 (S.D. Ga. August 14, 2007) ("The county jail, however, has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983.") (citations omitted).  CoreCivic is a private corporation that contracts with the State to operate Coffee Correctional Facility.  Therefore, CoreCivic is not a "person" subject to suit under § 1983.  For this reason, I **RECOMMEND** the Court **DISMISS** all claims against CoreCivic.

**II.     Supervisory Claims**

Plaintiff seeks to bring supervisory claims against Defendants Upton, Grieco, Stone, Blankenship, and Clark.  Plaintiff discusses these Defendants' general duty to protect inmates because of their supervisory roles within the prison.  Doc. 1 at 4–5; Doc. 1-2.  In the Eleventh Circuit, supervisory officials cannot be held vicariously liable under § 1983 for the unconstitutional acts of their subordinates.  Harrison v. Culliver, 746 F.3d 1288, 1298 (11th Cir. 2014) (quoting Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)).  A plaintiff seeking to hold a supervisor liable must show either: (1) the supervisor participated directly in the unconstitutional conduct, or (2) a causal connection exists between the supervisor's actions and the alleged constitutional violation.  Id.  A causal connection can be shown by a history of widespread abuse that puts the supervisor on notice of a need to correct or a custom or policy created by a supervisor that results in deliberate indifference to constitutional rights.  Id.  A

causal connection can also be shown by facts supporting an inference the supervisor directed unlawful conduct or "knew the subordinates would act unlawfully and failed to stop them from doing so."  Id.  (quoting Cottone, 326 F.3d at 1360).

Plaintiff has not stated sufficient factual matter to hold Defendants Upton, Grieco, Stone, Blankenship, or Clark liable as supervisors for their failure to protect Plaintiff from inmate Mingo's assault.  Plaintiff has not alleged these specific supervisors participated directly in the unconstitutional conduct or a causal connection exists between these Defendants' actions and the assault.  Plaintiff has not alleged, for example, these Defendants were aware of a history of widespread abuse or that they created a custom or policy resulting in deliberate indifference.  Although Plaintiff does allege Defendant Stone told him the assault should not have occurred, this allegation does not relate to Defendant Stone's awareness of abuse prior to the incident.  Doc. 1-5.

Plaintiff also discusses Defendants Stone and Grieco's denial of his grievances.  However, the mere denial of a grievance "without person[al] participat[ion] in the unconstitutional conduct brought to light by the grievance, is insufficient to establish § 1983 liability."  Williams v. Adkinson, No. 3:17-cv-184, 2020 WL 982007, at *5 (N.D. Fla. Feb. 7, 2020); Robinson v. Owens, No. CV509-056, 2011 WL 474976, at *2 (S.D. Ga. Jan. 4, 2011) ("[A] prison official's rejection of a grievance cannot form the basis of a § 1983 claim."); Gardner v. Riska, No. 3:09-cv-482, 2010 WL 11506602, at *2 (M.D. Fla. Dec. 27, 2010) (dismissing a free exercise claim when defendants denied plaintiff-inmate's grievances for lack of a causal connection as "[t]he fact that [defendants] denied his grievances regarding this matter is insufficient to impose liability under § 1983"), aff'd, 444 F. App'x 353 (11th Cir. 2011).  Therefore, I **RECOMMEND** the Court **DISMISS** all claims against Defendants Upton, Grieco,

Stone, and Blankenship and all supervisory claims against Defendant Clark. However, the Court finds Plaintiff has stated a plausible Eighth Amendment deliberate indifference claim against Defendant Clark unrelated to his supervisory role.

### III. Monetary Damages

Plaintiff has sued all Defendants in both their individual and official capacities but also seeks monetary damages. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983. Id. at 71. Therefore, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants sued in their official capacities.

### CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint: all claims against CoreCivic; all claims against Defendants Upton, Grieco, Stone, and Blankenship; all supervisory claims against Defendant Clark; and all claims for monetary damages against Defendants sued in their official capacities.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't

Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 7th day of May, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA