# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| TIMOTHY HINTON, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 5:20-cv-88 |
| | * | |
| v. | * | |
| | * | |
| CORECIVIC, INC., et al., | * | |
| | * | |
| Defendants. | * | |

## ORDER

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation. Dkt. Nos. 14, 18. For the reasons discussed below, the Court **CONCURS in part** with the Magistrate Judge's Report and Recommendation.

When conducting a frivolity screening under 28 U.S.C. § 1915A, the Magistrate Judge recommended dismissal of: all claims against CoreCivic; all claims against Defendants Upton, Grieco, Stone, and Blankenship; all supervisory claims against Defendant Clark; and all claims for monetary damages against Defendants sued in their official capacities. Dkt. No. 14. In his Objections, Plaintiff states he only objects to the dismissal of Defendants Upton and Grieco. Dkt. No. 18. In his Report, the Magistrate recommended dismissal of Defendants Upton

AO 72A
(Rev. 8/82)

and Grieco because Plaintiff only discussed these Defendants' general duties to protect inmates due to their supervisory roles. Dkt. No. 14 at 4. In his Objections, however, Plaintiff elaborates and explains he had specific conversations with Defendants Upton and Grieco regarding the prison's policy of double-bunking protective custody inmates. Dkt. No. 18. Thus, it appears Plaintiff's claims are not supervisory claims, but instead are based on Defendants Upton and Grieco's direct participation in unconstitutional conduct. Harrison v. Culliver, 746 F.3d 1288, 1298 (11th Cir. 2014) (quoting Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) ("[A] plaintiff seeking to hold a supervisor liable for constitutional violations must show that the supervisor either participated directly in the unconstitutional conduct or that a causal connection exists . . . .")). Due to these additional allegations set forth by Plaintiff, the Court **DIRECTS** the Magistrate Judge to order service of Plaintiff's Complaint against Defendants Upton and Grieco.

After an independent and de novo review of the entire record, the Court **CONCURS in part** with the Magistrate Judge's May 7, 2021 Report and Recommendations and **ADOPTS** the Report and Recommendation as the opinion of the Court, except for the dismissal of Defendants Upton and Grieco. The Court **DISMISSES** Plaintiff's claims against CoreCivic, against Defendants Stone

2

and Blankenship, supervisory claims against Defendant Clark, and monetary damages claims against all Defendants in their official capacities. The claims against Defendants Upton and Grieco shall proceed, at this time, and the Magistrate Judge shall order service on these Defendants.

SO ORDERED, this __27__ day of __July__, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA